IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Mamie Jackson, | ) | C/A No. 3:15-5092-MBS-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Central Midlands Regional Transit Authority; | ) | **REPORT AND RECOMMENDATION** |
| Robert Schneider, *as an individual and as* | ) | |
| *director of CMRTA*; Taneisha Goodson, *as an* | ) | |
| *individual and employee of Transdev*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Mamie Jackson, proceeding *pro se*, brings this action alleging a violation of her civil rights. (ECF No. 1 at 1-3.) The Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

**I.      Factual and Procedural Background**

Plaintiff alleges that on December 23, 2014 she visited the Central Midlands Regional Transit Authority ("CMRTA") to file a complaint against a driver. (ECF No. 1 at 1.) Plaintiff had made a future appointment with Defendant Taneisha Goodson[1] and was eating lunch in the driver's lounge when Goodson asked her to leave. (Id. at 2.) Plaintiff claims she complied with Goodson's request but Goodson called the police. (Id.) She claims that when the police arrived, Goodson lied to them and claimed Plaintiff failed to leave when asked. (Id.) Plaintiff further alleges Defendant Robert

---

[1] Goodson is also referred to as "Woodson" throughout the Complaint.

Page 1 of 7



Schneider backed Goodson's actions despite knowing she was lying. (Id. at 1-2.) Plaintiff claims Schneider and Goodson conspired to harass and falsely accuse her because of her race, sex, age, and socioeconomic status, as well as to retaliate against her for filing complaints against CMRTA and its employees. (Id. at 2-3.)

**II.    Discussion**

    **A.    Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint. This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to



include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

    **B.**    **Analysis**

        **1.**    **Section 1983 Claims[2]**

Plaintiff alleges she was discriminated against while doing business at a CMRTA office. Specifically, she alleges Schneider and Goodson "conspired to harass and falsely accuse" her based on her race, sex, age, and socioeconomic status. Therefore, the Complaint is construed to allege a violation of the Equal Protection Clause of the Fourteenth Amendment, and a conspiracy to violate Plaintiff's rights under the Fourteenth Amendment, brought pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

"To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was

---

[2] Plaintiff alleges Goodson is an employee of Transdev. To the extent Transdev is a private company, its employee generally would not be considered a state actor amenable to suit under § 1983. See Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 936 (1983) (holding that purely private conduct is not actionable under § 1983); see also Blum v. Yaretsky, 457 U.S. 991, 1004-05 (1982) (stating the elements required to establish a state action by a private party).



the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). Moreover, to the extent Plaintiff attempts to allege a conspiracy to violate her constitutional rights, such a conspiracy must be pled and proved by concrete facts, not mere conclusory allegations. See Simmons v. Poe, 47 F.3d 1370, 1376-77 (4th Cir. 1995). Her factual allegations must reasonably lead to the inference that the defendants came to a mutual understanding to try to "accomplish a common and unlawful plan," and must amount to more than "rank speculation and conjecture," especially when the actions are capable of innocent interpretation. Hinkle v. City of Clarksburg, 81 F.3d 416, 421-22 (4th Cir. 1996).

Further, in Monell v. Department of Social Services, 436 U.S. 658 (1978), the United States Supreme Court held that a municipality or other local governmental entity may be liable under § 1983 for the violation of a plaintiff's constitutional rights "only where the constitutionally offensive acts of city employees are taken in furtherance of some municipal 'policy or custom.' " Milligan v. City of Newport News, 743 F.2d 227, 229 (4th Cir. 1984) (quoting Monell, 436 U.S. at 694); see also Bd. of Cty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997); Walker v. Prince George's Cty., 575 F.3d 426, 431 (4th Cir. 2009). Thus, a plaintiff who seeks to assert a § 1983 claim against a municipality for acts done by a municipal official or employee is obliged to identify a municipal policy or custom that caused the plaintiff's injury. Moreover, "municipalities are not liable pursuant to *respondeat superior* principles for all constitutional violations of their employees simply because of the employment relationship." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999) (citing Monell, 436 U.S. at 692-94).

The court finds the facts alleged in Plaintiff's Complaint do not state a cognizable § 1983 claim. Plaintiff fails to plausibly allege that the defendants treated her differently from any other



similarly situated individual. See Morrison, 239 F.3d at 654. Plaintiff also fails to plausibly assert that any defendant has participated in a conspiracy to violate Plaintiff's constitutional rights. See Glassman, 628 F.3d at 150; Hinkle, 81 F.3d at 422. Moreover, Plaintiff fails to allege any facts showing that her constitutional rights were violated pursuant to any municipal policy or custom of CMRTA. See Milligan, 743 F.2d at 229. Further, CMRTA cannot be held liable under § 1983 on a *respondeat superior* theory. See Monell, 436 U.S. at 691; Bd. of Cty. Comm'rs, 520 U.S. at 397. Accordingly, the court finds Plaintiff failed to state a cognizable claim under § 1983 because she did not allege facts that show a violation of her constitutional rights under the Fourteenth Amendment.

### 2.     Section 1981 Claims

Plaintiff also alleges the defendants retaliated against her for filing complaints against CMRTA and its employees. To the extent Plaintiff asserts claims of race and/or gender discrimination and retaliation under 42 U.S.C. § 1981,[3] such claims fail as a matter of law because that statute provides no private right of action against governmental entities and actors. See Dennis v. Cty. of Fairfax, 55 F.3d 151, 156 (4th Cir. 1995) (holding that "when suit is brought against a state actor, § 1983 is the 'exclusive federal remedy for violation of the rights guaranteed in § 1981' ") (quoting Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 733 (1989)).[4]

---

[3] Section 1981 outlaws purposeful discrimination on the basis of race in making and enforcing private contracts. See Murrell v. Ocean Mecca Motel, Inc., 262 F.3d 253, 257 (4th Cir. 2001).

[4] To the extent Goodson is an employee of a private corporation, Plaintiff fails to allege sufficient facts to plausibly assert that Goodson intentionally discriminated against Plaintiff "on the basis of race concerning any of the activities enumerated in 42 U.S.C. § 1981(a)." Whitner v. United States, 487 F. App'x 801, 802 (4th Cir. 2012).



### III. Conclusion

Accordingly, the court recommends that the Complaint be summarily dismissed without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 19, 2016
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).